UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

### Case Number: 25-21324-CIV-MARTINEZ

THE CINCINNATI INSURANCE COMPANY
*et al.*,

      Plaintiffs,

v.

UNITED SPECIALTY INSURANCE
COMPANY, *et al.*,

      Defendants.

_____/

### <u>ORDER TRANFERRING CASE TO THE MIDDLE DISTRICT OF FLORIDA</u>

**THIS MATTER** is before the Court upon a *sua sponte* review of the record. This case was recently transferred to the undersigned in accordance with Judge John Preston Bailey, United States Judge for the Middle District of North Carolina's Order on Defendant's Motion to Dismiss, or Alternatively, to Transfer Venue ("Order"), (ECF No. 17). (ECF No. 27.)

The Order addressed Defendant's argument that due to a pending state court claim in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, concerning "a shooting that happened in **Palm Bay, Florida, which is located in the Southern District of Florida**," and "the events or omissions giving rise to Plaintiffs' claims against United Specialty and Allied World did not occur in this District, but rather occurred in the Southern District of Florida," (ECF No. 17) (emphasis added). (ECF No. 27.) Judge Bailey found that:

> The events or omissions allegedly giving rise to the claim for which the USIC Policy and AWIC Policy are alleged to provide coverage to Hawthorne occurred in **Palm Bay, Florida, in the Southern District of Florida**. Because the actions or omissions alleged in the Southern District of Florida are the sole basis for the Underlying Action, and no defendants reside in North Carolina, with the

plaintiffs' claims arising from insurance policies negotiated and delivered in New York, venue in this District is improper under 28 U.S.C. § 1391(b)(2).

(ECF No. 27) (emphasis added).

Accordingly, Judge Bailey granted Defendant's alternative request to transfer the case to the district in which the events or omissions giving rise to Plaintiffs' claims occurred. (ECF No. 27.) However, it was transferred to this Court on Defendant's assertion that Palm Bay or Brevard County are located within the Southern District of Florida. (ECF No. 17.) Palm Bay and Brevard County are not within this Court's jurisdiction. For the reasons stated within Judge Bailey's Order, (ECF No. 27), this case should have instead been transferred to the Middle District of Florida.

Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** the above-styled case to the United States District Court for the Middle District of Florida and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of March 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record